IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-29-BO

| | |
|---|---|
| ARKALGUD N. LAKSHMINARASIMHA, Plaintiff, | )<br>)<br>)<br>) |
| v. | )     O R D E R |
| JAMES COLE, *et al.*, Defendants. | )<br>)<br>)<br>) |

On February 21, 2021, the Chief Judge of this district construed a letter filed by plaintiff titled " Emergency Show Cause" as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and directed that it be filed in each case referenced in the motion in letter form. [DE 254].

This action was dismissed by order entered February 19, 2013. [DE 204].[1] Several post-judgment motions filed by plaintiff were denied or dismissed. [DE 213]. Plaintiff appealed and his appeal was dismissed. [DE 220]. On May 1, 2013, the Court entered an order directing the Clerk of Court not to accept any new filings in this closed case. [DE 230].

It is unclear from plaintiff's latest filing precisely what relief he seeks. However, plaintiff does rely on a recent decision by the court of appeals, *Tang v. Univ. of Baltimore*, 832 F. App'x 236 (4th Cir. 2021), to argue that he should be permitted to file a Rule 60(b) motion in this long-closed case. In *Tang*, the Fourth Circuit determined that the administrative closing of a case is not a sufficient basis for a court's refusal to file a motion for reconsideration. *Id.* The district court in *Tang* had returned a Rule 60(b) motion filed by Tang on June 19, 2020, noting that the case had been

---

[1]This matter proceeded before Senior United States District Judge Malcolm J. Howard prior to its reassignment to the undersigned on February 16, 2021.

closed on December 21, 2018.

First, the Court addresses the differences between this case and *Tang*. This Court has adjudicated numerous post-judgment motions, including a motion to set aside judgment, filed by plaintiff. It directed the clerk to not accept new filings in the case based upon the repetitive nature of plaintiff's filings and notified plaintiff that if he sought to bring new matters before the court he must file a new complaint.

Second, the instant Rule 60(b) motion provides no ground for relief. In his motion, plaintiff asserts that fraud has been committed upon him by both the court and the government, that the State of North Carolina has interfered and broken his family, and that he has been the subject of employment discrimination. Plaintiff does not specify under which section of Rule 60(b) he seeks relief. If it is under sections (1), (2), or (3), his motion is untimely because more than a year has passed since entry of judgment in this case. Fed. R. Civ. P. 60(b)(1)–(3). Plaintiff has not argued that the judgment is void or that it has been satisfied, released, or discharged. *Id.* §§ (b)(4)–(5).

It would appear that plaintiff seeks relief under Rule 60(b)(6), which may be available when any other reason justifies relief. However, plaintiff's bald assertions of, among other things, fraud do not support a finding of extraordinary circumstances necessary to support relief under this provision. *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Plaintiff's Rule 60(b) motion [DE 255] is therefore DENIED.

SO ORDERED, this the **22** day of April, 2021.

                                                *Terrence Boyle*
                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE